## Henry J. Johnson, Appellee, v. Illinois Central Railroad Company, Appellant.

## Gen. No. 5476.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

2. INSTRUCTIONS—*when inaccuracies will not reverse.* If a case is not close on the facts mere inaccuracies in instructions will not necessarily work a reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911. Rehearing denied November 23, 1911.

J. C. SEYSTER, for appellant; W. S. HORTON & BLEWETT LEE, of counsel.

FRANC BACON, for appellee; FRANK WERTZ, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Illinois Central Railroad Company's tracks run north and south through the village of Forreston and cross First South street nearly at right angles. The electric light plant of one George Crombie is located at the northwest corner of the intersection of the company's west switch track and said street. On the north side of the street, and extending within eighteen inches of the switch track, is an eight foot cement walk. Extending eastward from the end of this walk across the tracks is a plank walk, five feet, three inches wide. On February 14, 1910, the company placed on this westerly switch track and north of said street a box car, and also a car loaded with coal for Crombie. In the afternoon Crombie unloaded a part of the coal at the light plant, and then with a pinch bar pushed the

cars farther south, and in so doing, he pushed the box car so that a part of it projected over a part of the plank walk, where the car remained until between eight and nine o'clock the following morning. Snow had been thrown off the plank walk and piled south of it by the company's employes and it was slippery at that place. About 6:30 in the evening, Henry J. Johnson crossed the track on the sidewalk along the north side of First South street and passed west along the south end of the box car to the business part of the village, and while returning about 10 o'clock in the evening, he slipped and fell and struck his head and left shoulder against the bumper of the box car, skinned his forehead and bruised his shoulder. He was treated by a physician ten or twelve times, and claims that he was unable to work for a month because of the injury. He brought this suit against the company to recover damages. The declaration contained adequate averments to admit proof of the condition of the street, sidewalk, and the position of the box car, the length of time it had been standing on the sidewalk and the extent of appellee's injuries. A plea of not guilty was interposed and a trial resulted in a verdict of $150 for Johnson. A motion for a new trial was denied. Judgment was entered on the verdict and the company prosecutes this appeal.

Appellee contends that appellant's permitting the car to remain on the highway from between 4 and 5 o'clock in the evening of the day of the accident, until 8 or 9 o'clock of the morning following, was a violation of paragraph 77, section 14, chapter 114, Hurd's R. S., which provides that "no railroad corporation shall obstruct any public highway by stopping any train upon, or leaving any car or locomotive engine standing on its track where the same intersects or crosses a public highway, except for the purpose of receiving or discharging passengers or freight, or for taking in or setting out cars, or to receive the neces-

sary fuel and water, and in no case to exceed ten minutes for each train, car, or locomotive engine.''

The sidewalk was a part of the public highway. The evidence shows that several pedestrians went along that sidewalk and were obliged to turn out on account of the car projecting over a considerable part of it. It is evident that it rendered public travel less safe and convenient.

Undoubtedly appellant was not responsible for the original placing of the car on the highway. It is manifest that for the act of Crombie in placing it there, appellant could not, upon any just ground, be made responsible for the injuries resulting to appellee on account thereof, without some negligence on its part in connection therewith. Appellant's agent in charge of its station at Forreston testified that he saw the car standing partially over the sidewalk between 4 and 5 o'clock in the afternoon of the day of the injury to appellee, and that it was not removed until between 8 and 9 o'clock the next morning. The proof also shows that there was at that time at that station, a section gang, under the control of the station agent. It was therefore within the power of appellant's agent to have had the car promptly removed after notice to him that it obstructed the highway. As the proof shows, Crombie had no difficulty in moving the car while heavily loaded with coal. It is obvious that the section men could have moved it with a pinch bar without difficulty. The fact that no one complained to the agent, or asked to have the car removed, or that there was no engine that could have removed it until the next morning, is not a sufficient excuse for permitting it to remain there an unreasonable length of time. The station agent represented the appellant and notice to him that the car obstructed the highway, was notice to his employer. Therefore, the agent's failure to have the car removed within seven or eight hours after notice that it obstructed the highway, was a negligent disregard on the part of appellant of the requirements

of the statute, which resulted in the injury to appellee. True, the car being on the sidewalk did not cause appellee to slip, but it did result in inflicting injury upon him, which he would not have received if the car had not been negligently left thereon.

It is urged that because appellee saw the car on the sidewalk at 6 o'clock as he went past it to the business portion of the town, he was bound, as a prudent person, to take some other route. The law did not require him to do that, but simply charged him with the same degree of care that an ordinary man, under a like situation, would exercise. Then too, he had the legal right to believe, and to act on the presumption, that appellant would remove the obstruction, as it was legally bound to do, a reasonable time for such removal having elapsed from the time the appellee first saw the car on the crossing prior to receiving the injury complained of.

Appellant sought to show that appellee was intoxicated at the time he was injured and that he would not have slipped and fallen had he been sober. Appellee spent a portion of the evening in a saloon and Crombie testified he was intoxicated ten or fifteen minutes after his injury. Three witnesses testified for appellee that he was not intoxicated at that time. This question was submitted to the jury under instructions favorable to appellant, and their verdict upon that subject is not manifestly against the weight of the evidence.

Complaint is made of the instructions. We think those given for appellee were much longer than they needed to be, and the instructions for both parties were more numerous than the simplicity of the case required. We are also of the opinion that appellee's instructions contained some inaccurate statements, which, if the case had been close on the facts, might possibly have misled the jury. But we conclude that appellant was not harmed thereby, for the reason that the facts tended so strongly to make a case for ap-

pellee, that the jury could not have found for appellant, except upon the theory that appellee's injuries resulted from his intoxication. The evidence fully justifying the verdict on that subject, the judgment should not be disturbed because of slight errors of law in the instructions, especially where it is apparent, as it is from this record, that appellee has a cause of action.

Finding no harmful error of law in the record, the judgment is affirmed.

*Affirmed.*